## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLARD DUBOIS, | ) |
| | ) CIVIL ACTION NO.: |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| HERBRUCK'S OF | ) |
| PENSYLVANIA, LLC, | ) |
| | ) *ELECTRONICALLY FILED* |
| Defendant. | ) |

## COMPLAINT

Plaintiff, Willard Dubois, a resident of Franklin County, Pennsylvania, by and through his attorneys, brings this civil action for damages against the above-named Defendant, Herbruck's of Pennsylvania, LLC, demands a trial by jury, and complains and alleges as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of the claims set forth in this Complaint is proper in this judicial district pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), 28 U.S.C. §§ 1331 and 1343, and Section 1981 of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981 ("Section 1981").

2. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this judicial district.

## THE PARTIES

3. Plaintiff, Willard Dubois ("Mr. Dubois" or "Plaintiff"), is an adult male individual residing at 4484 Valley Circle, Fayetteville, Franklin County, Pennsylvania 17222.

4. Mr. Dubois' gender is male.

5. Mr. Dubois' race is African American and skin color is Black.

6. Defendant, Herbruck's of Pennsylvania, LLC ("Herbruck's"), is a Pennsylvania limited liability company that maintains its headquarters in Saranac, Michigan.

7. At all times relevant and material to this Complaint, Herbruck's maintained a production facility at 8069 Corner Road, Mercersburg, Franklin County, Pennsylvania, where eggs are produced and processed for distribution to the northeastern United States market.

## ADMINISTRATIVE PROCEEDINGS

8. On or about September 2, 2025, Mr. Dubois filed a verified Complaint with the Equal Employment Opportunity Commission ("EEOC") as docket No. 530-

2

2025-09544, and which was dual-filed with the Pennsylvania Human Relations Commission ("PHRC").

9.  Mr. Dubois has been advised by the EEOC of his right to sue in federal court, which notice was issued on December 18, 2025.

10.  All necessary and appropriate administrative prerequisites to this action have been met.

## STATEMENT OF FACTS

11.  On or around April 30, 2023, Mr. Dubois was hired by Herbruck's to work in sanitation.

12.  Mr. Dubois always performed his job in a satisfactory manner and was never disciplined prior to August 5, 2025.

13.  In fact, Mr. Dubois received a pay increase on or about December 16, 2024, based upon his performance and the company's review of his job responsibilities.

14.  Mr. Dubois reported to Jessica Vazquez Sanchez, a Hispanic female.

15.  On or about July 13, 2025, Mr. Dubois made a good faith report of discrimination to Thomas Levine, one of the supervisors from Herbruck's headquarters in Michigan.

16.  Specifically, Mr. Dubois reported to Mr. Levine that he was being discriminated against by Ms. Vazquez Sanchez because of his race (African

American), color (black), and sex (male), and asked that the discrimination stop. This discrimination by Ms. Vazquez Sanchez included: (1) showing favoritism towards other Hispanic employees by allowing Hispanic employees to commit safety violations for which non-Hispanic employees were disciplined, (2) promoting a female employee with less experience over Mr. Dubois, who was more qualified for the position, and (3) only terminating non-Hispanic employees even when Hispanic and non-Hispanic employees were otherwise similarly situated.

17. Following Mr. Dubois' complaint to Mr. Levine, the discrimination continued, and Mr. Dubois was retaliated against.

18. On or about August 5, 2025, following his good faith report, Ms. Vazquez Sanchez placed Mr. Dubois on a "30 Day Performance Improvement Plan," ("PIP") which contained false allegations regarding Mr. Dubois' performance, and was clearly implemented in retaliation for Mr. Dubois' good faith complaint of discrimination against Ms. Vazquez Sanchez.

19. Shortly after being placed on the 30 day PIP, Mr. Dubois made another good faith report of discrimination by Ms. Vazquez Sanchez to Human Resources Manager Meghan Nutt.

20. Mr. Dubois also made good faith reports of discrimination to his Plant Manager, Mitchell Rodriguez, who said he would look into the situation, but never communicated anything back to Mr. Dubois.

4

21. On or about August 27, 2025, prior to the expiration of the 30 day PIP, Mr. Dubois was laid off under the pretext of poor performance.

22. Defendant Herbruck's violated Title VII by discriminating against Mr. Dubois on the basis of his gender, race and color, and by retaliating against Mr. Dubois by terminating him subsequent to his making good faith complaints of harassment based upon his gender, race and color.

23. Defendant Herbruck's violated Section 1981 by discriminating against Mr. Dubois on the basis of his race and color.

## COUNT I

**TITLE VII VIOLATIONS**
**GENDER DISCRIMINATION**

24. All prior paragraphs are incorporated herein as if set forth fully below.

25. At all relevant times hereto, Mr. Dubois was an "employee" within the meaning of Title VII, and Herbruck's was an "employer" within the meaning of Title VII.

26. Herbruck's violated Title VII by discriminating against Mr. Dubois on the basis of his gender, resulting in his termination.

27. As a consequence of Herbruck's discriminatory actions, Mr. Dubois was subjected to emotional distress, humiliation, ridicule, and a negative effect on his work product and ability to fully and effectively perform his job duties and

responsibilities, all of which manifested itself in mental and physical distress, injury, and damage.

28.    As a result of Herbruck's discriminatory actions, Mr. Dubois has suffered economic loss, emotional distress, and a loss of self-respect and confidence, and he has been subjected to great damage to his career and professional standing.

29.    The actions of Herbruck's set forth above constitute violations of Mr. Dubois' federal civil rights under Title VII.

**WHEREFORE**, Plaintiff, Willard Dubois, seeks damages against Defendant, Herbruck's of Pennsylvania, LLC, as set forth in the *Ad Damnum* clause of the instant Complaint, infra.

## COUNT II

### TITLE VII VIOLATIONS
### RACE AND COLOR DISCRIMINATION

30.    All prior paragraphs are incorporated herein as if set forth fully below.

31.    At all relevant times hereto, Mr. Dubois was an "employee" within the meaning of Title VII, and Herbruck's was an "employer" within the meaning of Title VII.

32.    Herbruck's violated Title VII by discriminating against Mr. Dubois on the basis of his race and color, resulting in his termination.

33.    As a consequence of Herbruck's discriminatory actions, Mr. Dubois was subjected to emotional distress, humiliation, ridicule, and a negative effect on

6

his work product and ability to fully and effectively perform his job duties and responsibilities, all of which manifested itself in mental and physical distress, injury, and damage.

34.    As a result of Herbruck's discriminatory actions, Mr. Dubois has suffered economic loss, emotional distress, and a loss of self-respect and confidence, and he has been subjected to great damage to his career and professional standing.

35.    The actions of Herbruck's set forth above constitute violations of Mr. Dubois' federal civil rights under Title VII.

**WHEREFORE**, Plaintiff, Willard Dubois, seeks damages against Defendant, Herbruck's of Pennsylvania, LLC, as set forth in the *Ad Damnum* clause of the instant Complaint, infra.

## COUNT III

### TITLE VII VIOLATIONS
### RETALIATION

36.    All prior paragraphs are incorporated herein as if set forth fully below.

37.    At all relevant times hereto, Mr. Dubois was an "employee" within the meaning of Title VII, and Herbruck's was an "employer" within the meaning of Title VII.

38.    Herbruck's violated Title VII by retaliating against Mr. Dubois and terminating his employment following his good faith reports of harassment based upon his race, color and sex.

7

39.    As a consequence of Herbruck's retaliatory actions, Mr. Dubois was subjected to emotional distress, humiliation, ridicule, and a negative effect on his work product and ability to fully and effectively perform his job duties and responsibilities, all of which manifested itself in mental and physical distress, injury, and damage.

40.    As a result of Herbruck's retaliatory actions, Mr. Dubois has suffered economic loss, emotional distress, and a loss of self-respect and confidence, and he has been subjected to great damage to his career and professional standing.

41.    The actions of Herbruck's set forth above constitute violations of Mr. Dubois' federal civil rights under Title VII.

**WHEREFORE**, Plaintiff, Willard Dubois, seeks damages against Defendant, Herbruck's of Pennsylvania, LLC, as set forth in the *Ad Damnum* clause of the instant Complaint, infra.

## COUNT IV

### 42 U.S.C. § 1981 VIOLATION
### RACE DISCRIMINATION

42.    All prior paragraphs are incorporated herein as if set forth fully below.

43.    At all times relevant herein, Mr. Dubois maintained or sought to maintain a contractual relationship with Herbruck's (i.e., an employment relationship).

44.    At all times relevant herein, Herbruck's acted by and through its agents, servants, and employees, to intentionally discriminate against Mr. Dubois on the basis of his African American race and thereby deny him the benefits of the contractual relationship he had entered into with Herbruck's.

45.    As a consequence of Herbruck's discriminatory actions and failures to act, Mr. Dubois was subjected to emotional distress, humiliation, ridicule, and a negative effect on his work product and ability to fully and effectively perform his job duties and responsibilities, all of which manifested itself in mental and physical distress, injury, and damage.

46.    As a result of Herbruck's discriminatory actions, Mr. Dubois has suffered economic loss, emotional distress, and a loss of self-respect and confidence, and he has been subjected to great damage to his career and professional standing.

47.    The actions of Herbruck's set forth above constitute violations of Mr. Dubois' federal civil rights under Section 1981.

**WHEREFORE**, Plaintiff, Willard Dubois, seeks damages against Defendant, Herbruck's of Pennsylvania, LLC, as set forth in the *Ad Damnum* clause of the instant Complaint, infra.

## *AD DAMNUM* CLAUSE/PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Willard Dubois, prays that the Court enter judgment in his favor and against the Defendant, Herbruck's of Pennsylvania, LLC, and that the Court enter an Order as follows:

a. Defendant is to be permanently enjoined from discriminating or retaliating against Plaintiff on the basis of his gender, race, color and/or any basis prohibited under applicable federal law;

b. Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of discriminating and/or retaliating against employees based on their gender, race and/or color and is to be ordered to promulgate an effective policy against such discrimination and retaliation and to adhere thereto;

c. Defendant is to compensate Plaintiff, reimburse Plaintiff, and to make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension and seniority. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered discrimination at the hands of Defendant until the date of verdict;

10

d. Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused to him by Defendant's actions;

e. Plaintiff is to be awarded punitive damages pursuant to Title VII and Section 1981;

f. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

g. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal law;

h. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law;

i. Plaintiff is to be granted such additional injunctive or other relief as he may request during the pendency of this action in an effort to ensure Defendant does not engage – or cease engaging – in illegal retaliation against Plaintiff or other witnesses to this action; and

j. The Court is to maintain jurisdiction of this action after verdict to ensure compliance with its Orders therein.

## **DEMAND FOR JURY**

Pursuant to Federal Rule of Civil Procedure 38(b) and otherwise, Plaintiff respectfully demands a trial by jury.

11

Respectfully submitted,

**WEISBERG CUMMINGS, P.C.**

Date: <u>March 6, 2026</u>

*/s/ Larry A. Weisberg*
Larry A. Weisberg (PA 83410)
lweisberg@weisbergcummings.com

*/s/ Derrek W. Cummings*
Derrek W. Cummings (PA Bar: #83286)
dcummings@weisbergcummings.com

*/s/ Stephen T. Mahan, Jr.*
Stephen T. Mahan, Jr. (PA Bar: #313550)
smahan@weisbergcummings.com

*/s/ Michael J. Bradley, Jr.*
Michael J. Bradley, Jr. (PA Bar: #329880)
mbradley@weisbergcummings.com

2704 Commerce Drive, Suite B
Harrisburg, PA 17110
(717) 238-5707
(717) 233-8133 (FAX)

*Counsel for Plaintiff*